■ ALASSANE DIAKITE, as Administrator of the Estate of MAMADI SQUARE, Also Known as MAMADY SOURE, Deceased, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [840 NYS2d 33]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered January 9, 2006, which denied the City's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Decedent's car was on the southbound Macombs Dam Bridge

Approach waiting to turn left onto the eastbound down ramp to East 161st Street eastbound, when it was struck in the rear by a hit and run driver. After the impact, decedent's car rapidly accelerated onto the down ramp, bounced off a parked car and crashed through an "iron fence" separating the down ramp from the 161st Street underpass. Decedent was ejected from the car and he and the car fell approximately 25 feet to the roadway below where he was crushed by the car.

Although the motion court found disputed issues of fact as to whether the City had actual or constructive notice of the inadequate protection the fence provided and whether the City breached its duty to maintain adequate and proper barriers between the adjoining roadways, such finding was unsupported by any evidence that the fence was unsafe when built or that it was subsequently unsafe for use (*see Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 59 [2006]). Contrary to plaintiff's contention, the City's purported failure to inspect the fence since its installation in the nineteenth century does not raise an issue as to whether the City breached its continuing duty to maintain the fence since there was no "[evidence] either of changed conditions or of accidents at the intersection which would have required the city to modify [the fence]" (*Weiss v Fote*, 7 NY2d 579, 588 [1960]). Moreover, given the absence of any history of similar accidents at the scene, plaintiff's expert's conclusory opinion was without probative value inasmuch as he failed to cite any authority, treatise, code, regulation or other corroborating evidence to support his opinion that "there should have been a barrier designed to restrain passenger vehicles where the decedent's vehicle went through the fence" (*see Chunhye Kang-Kim v City of New York*, 29 AD3d at 61; *see also Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Kavanagh, JJ.