Cerio v Carrington (2018 NY Slip Op 03597)





Cerio v Carrington


2018 NY Slip Op 03597


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6603 123431/02 591294/03

[*1]Theresa A. Cerio, Plaintiff-Appellant,
v
Jonathan Carrington, et al., Defendants, The City of New York, Defendant-Respondent. [And a Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered November 23, 2015, which, insofar as appealed from as limited by the briefs, granted the motion of defendant City of New York for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when defendant Carrington, an intoxicated driver, attempted to make an illegal u-turn and collided with a taxicab. Carrington's vehicle then careened onto the sidewalk and struck plaintiff.
The City established its prima facie burden of demonstrating that the intersection where the accident occurred was reasonably safe, and that it did not have any prior complaints about motorists making illegal u-turns. The City was not required to continually reevaluate the signs at the intersection absent proof that it had become unsafe (see Chunhye Kang-Kim v City of New York, 29 AD3d 57, 59 [1st Dept 2006]).
In opposition, plaintiff failed to raise an issue of fact. Given the absence of any history of similar accidents at the subject location, plaintiff's expert's conclusory opinion that a "no u-turn" sign should have been installed lacked probative value (see Diakite v City of New York, 42 AD3d 338, 339 [1st Dept 2007] lv denied 9 NY3d 811 [2007]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK